IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER VIRGESS, AIS # 247271, | : |
| Plaintiff, | : |
| vs. | :  CIVIL ACTION 12-0164-WS-N |
| EDDIE HARDAWAY, JR., et al., | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

**I. Complaint.** (Doc.1).

Plaintiff filed a § 1983 action against Eddie Hardaway, Jr., a Circuit Court Judge for Marengo County, Alabama, and Gregory S. Griggers, the District Attorney for Marengo County. (Doc. 1 at 5). Plaintiff alleges in his brief complaint that he filed a Rule 32 post-conviction petition in the Marengo County Circuit Court on October 7, 2010, but defendant Hardaway and defendant Griggers have not responded to his petition even after he filed a motion to expedite ruling or, in the alternative, to schedule an evidentiary hearing under Rule 32.9(a) of the Alabama Rules of Criminal Procedure, and that they did not respond to the motion. (Id. at 4). Plaintiff asserts that he still "remains illegally restrain[ed] of his liberty." (Id.). For relief, he wants "the Court to [Issue] an [Order] for the [State] Court to respond to the [Rule 32

Postconviction Petition] or schedule an [Evidentiary Hearing] in State Court or in the alternative schedule an [Hearing] in Federal Court due to the [Illegal Sentence]."  (Id. at 7) (brackets in the original).

In response to the questions on the Court-provided form, plaintiff states that he was sentenced for, but not convicted of, attempted murder and rape, first-degree, for which he was sentenced to twenty years and twenty-five years of imprisonment, which he is to serve concurrently.  (Id. at 6).  Plaintiff further states on May 5, 2006, he was sentenced, began serving his sentences on June 8, 2006, and will complete serving them on December 10, 2030.  (Id.).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

After a review of the allegations and plaintiff's request for relief, the Court finds that the plaintiff's § 1983 action is essentially a request for the writ of mandamus.  See Bailey v. Silberman, 226 F. App'x  922, at **1 (11th Cir. 2007) (unpublished) (affirming the treatment of the prisoner's action as a mandamus and the sua sponte dismissal of the action as frivolous for lack of jurisdiction over the prisoner's request for "an injunction ordering the defendants [Florida appellate court judges and prosecutors] to address the merits of his habeas petition, which had been dismissed by the Florida District Court of Appeal[]").[2]  The writ of mandamus, however, was abolished in federal court by Rule 81(b), Federal Rules of Civil Procedure, which provides: "The writs of scire facias and mandamus are abolished.  Relief previously available through them may be obtained by appropriate action or motion under these rules."  FED.R.CIV.P. 81(b); see BLACK'S LAW DICTIONARY 980 (8th ed. 1999) (A mandamus is "a writ issue by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly.").

Even though the general writ of mandamus was abolished by Rule 81(b), the All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The "Act, by itself, creates no jurisdiction in the district courts[, but it] empowers them only to issue writs in aid of jurisdiction previously acquired on some other independent ground.  Brittingham v.

---

[2]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

Comm'r, 451 F.2d 315, 317 (5th Cir. 1971).[3]  The federal courts are given jurisdiction over an action that is in the nature of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  But "[f]ederal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought."  Bailey, 226 F. App'x at **2 (citing Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973)); see Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973) (same); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (same).  Because the persons named as defendants by plaintiff are state officials, this Court has no jurisdiction to grant the relief requested by plaintiff, i.e., the Court to order defendants to respond to plaintiff's Rule 32 petition or to set an evidentiary hearing in state court.  Accordingly, this request is frivolous.

In addition to this mandamus request, plaintiff requests a hearing in federal court on his illegal sentence.  (Doc 1 at 7).  This Court, however, does not have an action before it containing factual grounds on which plaintiff contends that his sentence is illegal.  The present action merely concerns plaintiff's inability to have state officials act on, or respond to, his Rule 32 petition in state court.  These allegations do not provide a basis for the Court to hold a hearing on the illegality of plaintiff's sentence.  See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (holding that in order to state a claim Rule 8(a)(2) requires that "[a] claim has facial plausibility [through] the plaintiff plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which thereby rejects "the unadorned, the-defendant-unlawfully-harmed-me accusation" as being sufficient).

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions rendered by the former Fifth Circuit before prior to October 1, 1981.

If plaintiff wants the Court to hold a hearing to determine that his sentence is illegal, he must file the appropriate action in which he provides factual information that shows his sentence is illegal. An action filed pursuant to 42 U.S.C. § 1983 provides an opportunity for a damages recovery, and a habeas petition filed pursuant 28 U.S.C. § 2254 provides an opportunity for release or reversal of a conviction or sentence. See Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In order to obtain damages in a § 1983 action, plaintiff would have to overcome the decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or sentence is not recognized in a § 1983 action until the plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 487, 114 S.Ct. at 2372. The Heck Court analogized the § 1983 claim to a common-law malicious prosecution claim that required termination of the prior criminal proceeding in favor of the accused. Id. at 484, 114 S.Ct. at 2371. The Heck Court found that no cause of action existed under § 1983 until the plaintiff could demonstrate that his conviction or sentence had previously been invalidated. Id. at 489, 114 S.Ct. at 2373. In the present action, no facts have been pled to show that it is plausible that plaintiff's sentence is unconstitutional and that his sentence has been previously invalidated. To the contrary, the information in complaint shows that plaintiff's sentence has not been invalidated. (Doc. 1 at 7, IV (B)).

With respect to a habeas action, the Heck Court denounced the appeals court treating the § 1983 action as a habeas action and dismissing it as unexhausted. Id. at 479-80, 114 S.Ct. at 2368-69. The Court observed that "[w]e have repeatedly noted that 42 U.S.C. § 1983 creates a

species of tort liability[ ]" that does not require exhaustion.   Id. at 483, 114 S.Ct. at 2370.   Thus,

this Court cannot treat this § 1983 action as a habeas petition and grant plaintiff a habeas

evidentiary hearing.   Instead, if plaintiff is seeking the invalidation of his sentence and his

release, he may file a habeas petition pursuant to 28 U.S.C. § 2254 in this Court on this Court's

habeas petition form after he has exhausted his state court remedies.[4]   Id. at 481-82, 114 S.Ct. at

2369-70.   Accordingly, plaintiff's request for "[Hearing] in Federal Court due to the [Illegal

Sentence]" is frivolous based on the Heck and Iqbal decisions.   (Doc. 1 at 7) (brackets in the

original).

 **IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with

prejudice, prior to service of process, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[5]

---

[4] Section 2254(b)(1) provides:

>    An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a state court shall
> not be granted unless it appears that -

>    (a) the applicant has exhausted the remedies available in
> the courts of the State;

>    or (B)(i) there is an absence of available State corrective
> process;

>    or (ii) circumstances exist that render such process
> ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

[5] The Court notes that in conducting research for this action based on a Rule 32 petition
filed in Marengo County, the Court discovered that similar actions based on Rule 32 petitions
filed in Lee County and Russell County, namely, Webb v. Walker, No. 12-cv-00194-WHA-CSC,
2012 WL 1432468 (M.D. Ala. Apr. 4, 2012), and Barnes v. Greene, 12-cv-00127-TMH-CSC,
2012 WL 1252700 (M.D. Ala. Apr. 25, 2012), have been addressed by the United States District
Court for the Middle District of Alabama.   Through the use of PACER ("Public Access to the
(Continued)

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 4th day of June 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

Court Electronic Record"), the Court examined the complaints filed in these Middle District actions and found that the handwriting in the present action is similar to the handwriting in those actions and the present action's inappropriate use of brackets is used in those actions. Like the present action, these two Middle District's actions emanated from Bullock Correctional Facility.

In Webb, inmate Webb complained about the judge and prosecutor not responding to his Rule 32 petition complaining about his sentence and conviction (Doc. 1 at 3) and requested the federal court "to [Issue] an [Order] for the trial court of Lee County, Alabama to [Respond] to the [Rule 32 Postconviction Petition] or schedule an [Evidentiary Hearing] in State Court under Rule 32.9(a), Ala. R.Crim.P., or in the alternative schedule Plaintiff an hearing in federal court." (Id. at 5). In Barnes, inmate Barnes complained about the judge not ruling on his Rule 32 petition and the judge and prosecutors through their inaction preventing him from having his unconstitutional Class A felony reduced to a Class C felony so he would be eligible for work release. (Doc 1 at 3-4). He requests the federal court "to [Issue] an [Order] for the State Court Judge (George R. Greene) and Prosecutor (Kenneth E. Davis), and Assistant Prosecutor (J. Maxwell Smith) of Russell County, Alabama to [Issue] a [Ruling] or an [Evidentiary Hearing] pursuant to Rule 32.9(a), Ala.R. Crim. P., or in the alternative schedule Plaintiff an [Evidentiary Hearing] in the federal court, where the proceedings can move forward." (Id. at 5-6). These two Middle District cases were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

        A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                /s/ Katherine P. Nelson
                                                UNITED STATES MAGISTRATE JUDGE

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).